UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MICHAEL GRANT on Behalf of Himself and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VES GROUP, INC. and MAXIMUS, INC.,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§ **CIVIL ACTION NO. 4:23-290**<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND**

1. Defendants VES Group, Inc. and Maximus, Inc. ("Defendant") required Plaintiff Michael Grant ("Plaintiff") to work more than forty (40) hours a week as a quality analyst but did not pay him the proper amount of overtime. Defendants accomplished this underpayment by failing to include a series of non-discretionary bonus payments in Plaintiff's regular rate when they calculated the amount overtime he was due.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., which mandates that non-exempt employees, such as Plaintiff and other hourly workers, be compensated at one and one-half times their actual regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former quality analysts who performed work for Defendants during the three-year period before the filing of this Complaint up to the date

1

the Court authorizes notice. Members of the collective action are hereinafter referred to as "FLSA Class Members."

4. Defendants' conduct also violates state law because Defendants and Plaintiff had an enforceable agreement whereby Plaintiff agreed to perform work for Defendants, and in return Defendants were to pay Plaintiff and Class Members at an agreed hourly rate for all time in which they performed compensable work. Even if no enforceable agreement exists, Defendants received and accepted valuable services from Plaintiff and Class Members with notice that they expected to be paid hourly for these services, yet Defendants failed to pay Plaintiff and Class Members for services performed on Defendants' behalf at the correct overtime rates.

5. Therefore, Plaintiff files this action to recover on behalf of himself and Class Members all unpaid wages and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which the Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff and Class Members of their lawfully-earned overtime wages.

6. Plaintiff Michael Grant is similarly situated to the following classes of employees:

**FLSA Class:**

> **Hourly paid employees who worked for Defendant at any time during the three-year period prior to filing this complaint to the present, who received bonuses for their work performed.**

**Rule 23 Class:**

> **Hourly paid employees who worked for Defendant at any time during the four years before this Complaint was filed to the present, who received bonuses that were not incorporated into their regular rate of pay for purposes of calculating overtime.**

**SUBJECT MATTER JURISDICTION AND VENUE**

7. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

10. Plaintiff worked in this District when the violations took place.

**PARTIES AND PERSONAL JURISDICTION**

11. Plaintiff Michael Grant is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

12. The Class Members are all of Defendant's non-exempt bonus eligible hourly employees throughout the United States as described in paragraph 6 above.

13. Defendant VES Group, Inc. is a corporation organized under the laws of Texas. Defendant VES Group, Inc. may be served process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

14. Defendant Maximus, Inc. is a corporation organized under the laws of Virginia. Defendant Maximus, Inc. may be served process through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

15. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business activities in the state of Texas. Defendants established minimum contacts in Texas, and the assumption of jurisdiction over

3

Defendants will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendants is consistent with the constitutional requirements of due process.

## FLSA COVERAGE

16. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

17. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(r), 203(s)(1).

18. At all material times, Defendants have had an annual gross business volume in excess of the statutory standard.

19. At all material times, Plaintiff and Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

20. Defendant VES Group, Inc. is a wholly owned subsidiary of Defendant Maximus, Inc.

21. Defendant Maximus, Inc. acquired Defendant VES Group, Inc. in approximately May of 2021.

22. Defendant VES Group, Inc. is a contractor for the Veterans Administration ("VA").

23. One of Defendants' principal lines of business is the review of benefit claims veterans file with the VA.

24. To perform this work, Defendants hire quality analysts, such as Plaintiff Grant.

25. A quality analyst is responsible for reviewing Medical Disability Examination ("MDE") reports and Disability Benefit Questionnaires ("DBQs") to ensure the MDE reports and

4

DBQs are consistent with the VA requirements, essentially meaning that these forms are correctly filled out.

26. Quality analysts are non-exempt employees under the FLSA and entitled to overtime.

27. Plaintiff began working for Defendants in October 2018 and is currently employed.

28. Plaintiff works for Defendants as a quality analyst and quality analyst team lead.

29. Like Defendants' other quality analysts, Defendant paid Plaintiff on an hourly basis.

30. When Plaintiff worked more than 40 hours in a week, Defendants paid him overtime at a rate of 1.5 times his hourly rate.

31. In addition to his hourly rate, Defendants also paid Plaintiff a series of non-discretionary bonuses.

32. Defendants set a quota for the work they expect their quality analysts to perform each month and then pay a bonus for work in excess of that quota.

33. Defendants communicate this bonus structure on a month-by-month basis to their quality analysts.

34. For example, in December of 2021, Defendants emailed all of its quality analysts that the bonus structure for that month would award, among other incentives, $8 per DBQ reviewed over the monthly quota.

35. Defendants' quality analysts are aware of the bonus structure applicable to their work before that work is performed because Defendants provide them with the bonus structure in writing each month.

36. When Defendants calculated the amount of overtime their quality analysts would receive, they failed to include the amount of bonus compensation in the regular rate calculation.

37. Defendants also paid similar non-discretionary bonuses to other non-exempt employees that were not included in the regular rate of those employees when overtime was calculated.

38. The FLSA requires the inclusion of non-discretionary bonuses, such as those paid out by Defendants here, into the regular rate for the purposes of calculating overtime. *See* 29 C.F.R. § 778.208.

39. By excluding the bonus compensation from the regular rate, Defendants calculated overtime using an artificially low regular rate and, as a result, significantly underpaid the amount of overtime it should have paid to its employees.

40. Defendants pay all their quality analysts using this same bonus structure.

41. Plaintiff, other quality analysts, and other similar non-exempt employees routinely work overtime hours.

42. Defendants fail to include the bonus compensation into the regular rates of their other quality analysts and other non-exempt employees when calculating the overtime paid to those employees.

43. At all times relevant to this this lawsuit, Defendants' quality analysts were non-exempt hourly paid employees.

44. In the last three years, Defendants have employed more than 2000 non-exempt hourly employees who were eligible to receive non-discretionary bonuses.

45. Defendants employ quality analysists across the country.

46. Defendants do not pay quality analysts on a salary basis.

## **COLLECTIVE ACTION ALLEGATIONS**

47. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as non-exempt bonus eligible employees, within three (3) years from the commencement of this action who have, like Plaintiff, not been compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week.

48. Plaintiff has first-hand knowledge, through his personal work experience and communications with other employees of the Defendants, that a class of similarly-situated employees exists who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

49. Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

50. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member. That is all Class Members are hourly paid and all Class Members are subject to the same bonus program.

51. All quality analysts perform the same essential job functions regardless of location.

52. Defendants have a common job description that applies to all quality analysts.

53. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of the proper amount of overtime pay.

54. The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive notice via First Class Mail and email with basic information about the lawsuit.

55. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

56. The Class may be properly defined as follows:

**Hourly paid employees who worked for Defendant at any time during the three-year period prior to filing this complaint to the present, who received bonuses for their work performed.**

### STATE LAW CLASS ACTION ALLEGATIONS

57. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

58. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursue state-law claims for breach of contract, quantum meruit, money had and received, and unjust enrichment against Defendants.

59. Plaintiff seeks certification of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

**Hourly paid employees who worked for Defendant at any time during the four years before this Complaint was filed to the present, who received bonuses that were not incorporated into their regular rate of pay for purposes of calculating overtime.**

60. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendants' practice of failing to include non-discretionary bonuses in its calculation of the regular rate for purposes of calculating overtime.

61. Throughout the relevant period, whether through an agreement, handbook, and/or policy concerning the bonuses, Defendants promised to provide Plaintiff and Class Members with bonuses which should have been included in the regular rate of pay for purposes of calculating overtime.

62. Throughout the relevant period, Defendants routinely knowingly excluded these bonuses from overtime.

63. Throughout the relevant period, Defendants knew that Plaintiff and Class Members worked overtime hours.

64. As a result, throughout the relevant period, Defendants knew that Plaintiff and Class Members were not being properly compensated for their overtime.

65. Regardless, during the relevant period, Defendants failed to pay Plaintiff and Class Members for the valuable services provided at the proper overtime rate.

66. Defendants maintained common work, time, pay, and bonus policies and procedures at issue during the relevant period. As a result, Plaintiff and Class Members are similarly situated regardless of their job title or location and have been regularly deprived of pay owed.

67. As a result of their improper conduct, Defendants have retained money that they should have paid to Plaintiff and Class Members with regards to bonuses not being included in overtime pay. By retaining this money, Defendants have received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

68. Plaintiff's state-law claims against Defendants for breach of contract, quantum meruit, money had and received, and unjust enrichment against Defendants all satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

69. **Numerosity**. The class satisfies the numerosity standard as it is believed to number over 2000 class members. Consequently, joinder of all class members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendants.

70. **Commonality**. There are common questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

   a. Whether Defendants had a policy and practice of failing to include non-discretionary bonuses into overtime;

   b. Whether Plaintiff and Class Members performed overtime work;

   c. Whether Defendants directed, required, requested, and/or permitted Plaintiff and Class Members to work overtime, but failed to properly compensate them;

   d. Whether Defendants knew or should have known that Plaintiff and Class Members were not properly compensated for work performed;

   e. Whether agreements existed between Plaintiff and Class Members concerning payment for overtime work performed, and whether Defendants breached such agreements;

   f. Whether valuable services were rendered to Defendants by the Plaintiff and Class Member, and whether Defendants accepted the benefit of Plaintiff's and Class Members' underpaid services;

   g. Whether Defendants were unjustly enriched by Plaintiff's and Class Members' underpaid work;

    h.  The proper measure of damages, including whether the reasonable value of such services can be based on the agreed hourly rate of pay.

71.    **Typicality**. Plaintiff's claims are typical of those of the class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective class members.  Like the Class Members, the Plaintiff worked for Defendants during the relevant time period. Like the Class Members, the Plaintiff was subject to the identical company-wide policy related to the bonus pay.  The other facts outlined above likewise apply equally to both the Plaintiff and the Class Members.

72.    **Adequacy**. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class members he seeks to represent.  The interests of the members of the class will be fairly and adequately protected by the Plaintiff and the undersigned counsel, who has experience in employment and class action lawsuits.

73.    **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even if the event any member of the Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system.  Individual litigation of 2000 or more claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendants. A single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT ONE

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

74. Plaintiff incorporates the preceding paragraphs by reference.

75. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their actual regular rates. 29 U.S.C. § 207.

76. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek calculated in the manner the FLSA requires.

77. Defendants cannot satisfy their burden to show that any exemption applies.

78. Defendants have, therefore, violated and continue to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

79. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

80. The foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## COUNT TWO

### BREACH OF CONTRACT

81. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

82. A valid and enforceable agreement existed between Plaintiff and Defendants, and Class Members and Defendants, the terms and conditions of which include, but are not limited

to, an agreement by Plaintiff and Class Members to perform services for Defendants, and for Defendants to pay Plaintiff and Class Members at an agreed hourly rate for all time in which they performed compensable work.

83. Plaintiff and Class Members duly performed under the agreement at Defendants' direction and for their benefit.

84. Defendants failed and refused to perform their obligations under the agreement by failing to include the bonus payments into the regular rate of pay for purposes of calculating overtime.

85. Plaintiff and Class Members are entitled to recover damages from these breaches for the last four years.

86. Plaintiff and Class Members are entitled to attorney's fees for such breach of contract.

## COUNT THREE

### QUANTUM MERUIT

87. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs. This claim is pleaded in the alternative to the breach of contract claim.

88. Plaintiff and Class Members performed valuable services for Defendants.

89. Defendants accepted and retained the benefit of Plaintiff's and Class Members' performance of these valuable services.

90. No contract exists between Plaintiff and Defendants, and Class Members and Defendants, regarding the provision of services for overtime hours worked.

91. Defendants had reasonable notice and/or knowledge that Plaintiff and Class Members expected to be compensated for services rendered for the Defendants at the proper overtime rate.

92. Defendants failed to pay Plaintiff and Class Members in accordance with the law for these overtime hours worked.

93. Plaintiff and Class Members are entitled to recover damages under this claim for the last four years.

94. Plaintiff and Class Members are entitled to attorney's fees and costs under this claim.

## COUNT FOUR

### MONEY HAD AND RECEIVED

95. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

96. Defendants received money from their customers and their agents for the work performed by the Plaintiff and Class Members, yet Defendants failed to pay Plaintiff and Class Members at the appropriate rate for such work.

97. Defendants hold money that in equity and good conscience belongs to Plaintiff and Class Members due to their failure to pay Plaintiff and Class Members for all hours worked.

## COUNT FIVE

### UNJUST ENRICHMENT

98. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

99. Defendants has been unjustly enriched at the expense of the Plaintiff and Class Members by failing to properly pay for work performed by Plaintiff and Class Members.

100. Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Class Members, despite their policy and practice of failing to properly pay Plaintiff and Class Members for such work. In particular, Defendants received the benefit of the labor and services provided to Defendants' customers by the Plaintiff and Class Members.

101. It would be unjust and inequitable for Defendants to retain the benefit of the underpaid work performed by Plaintiff and Class Members.

## DAMAGES SOUGHT

102. Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

103. Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

104. Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

105. Plaintiff and Rule 23 Class Members are entitled to recover damages flowing from the breach of contract, the reasonable value of the services they provided, all monies held by Defendants that belongs to Plaintiff and Rule 23 Class Members, the value by which Defendants were unjustly enriched by receiving the unpaid labor, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief the Court deems fair and equitable.

## JURY DEMAND

106. Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

107. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

   a. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

   b. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

   c. An order finding that Defendants violated the FLSA;

   d. An order finding that these violations were willful;

   e. All unpaid wages;

   f. An equal amount as liquidated damages as allowed under the FLSA;

   g. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   h. Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

Respectfully submitted,

SOSA-MORRIS NEUMAN, PLLC

By: /s/ John Neuman
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813
LEAD ATTORNEY FOR PLAINTIFF AND THE CLASS

OF COUNSEL:
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813