United States District Court
Southern District of Texas
**ENTERED**
June 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL GRANT on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:23-cv-290 |
| **VES GROUP, INC. and MAXIMUS, INC.,** | § § § | |
| Defendants. | | |

### ORDER

The Court has reviewed and considered the motion for final approval of the class and collective action settlement agreement ("Settlement" or "Agreement") submitted by Plaintiff Michael Grant ("Plaintiff"), on behalf of himself and similarly situated employees of Defendants VES Group, Inc. and Maximus, Inc. ("Defendants") (together, the "Parties"). The motion is hereby **GRANTED**.

The Court previously preliminarily approved the Parties' Agreement and proposed resolution of Plaintiffs' class and collective action claims on behalf of the Class/Collective Members. (ECF No. 10). In accordance with the order granting preliminary approval, and in compliance with due process, the Settlement Administrator sent the Court-approved Notice to each of the Settlement Class Members by first-class mail and electronic mail. The Notice informed the Settlement Class Members of the terms of the Agreement, the right to participate in the Settlement, the right to object to the Agreement, the right to request exclusion and pursue their own remedies,

and the right to appear in person or by separate counsel at the Final Settlement Approval Hearing regarding final approval of the Agreement.

The motion for final approval seeks final approval of the Agreement and entry of judgment that will bind each Settlement Class Member and will operate as a full release and discharge of the claims set forth in paragraph 4 of the Settlement Agreement (the "Released Claims").

Having received and considered Plaintiff's unopposed motion for final approval of the Settlement Agreement, that there were no objections to the Settlement Agreement, that only 10 out of 2,656 Settlement Class Members opted out of the Settlement, Plaintiff's motion for Class Counsel's attorneys' fees, litigation expenses and class representative service award, the file in this case, and the evidence and argument received by the Court before entering the Preliminary Order and before and at the Final Settlement Approval Hearing, **THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT**:

1. The Settlement Administrator fulfilled its initial notice and reporting duties under the Settlement.

2. The Notice to the Settlement Class Members was (i) the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise the Settlement Class Members of the pendency of this action, their right to participate in the settlement, their right to exclude themselves from the Settlement, and their right to object and/or appear at the Final Settlement Approval Hearing; and (iii) constituted due, adequate, and sufficient notice of a class/collective settlement under Federal Rule of Civil Procedure 23, 29 U.S.C. §§ 201, *et seq.*, due process, and any other applicable rules or law.  Only 10 individuals elected to exclude themselves from the Settlement and there were no objections to the Settlement.

3. The terms of the Settlement are fair, reasonable, and adequate, the standards and applicable requirements for final approval of this class and collective action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure and the 29 U.S.C. §§ 201, *et seq.*

4. The Agreement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator. The Parties entered into the Agreement in good faith.

5. Counsel for the Settlement Class are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable, and adequate.

6. The Court has considered the factors set forth in *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 293 (5th Cir. 2017), including: (1) the absence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of Class Counsel and the named Plaintiff, as well as the absence of any objections by class members. Based on these considerations, the Court finds that the Agreement is fair and reasonable. Moreover, the Court finds that the amounts to be paid under the agreement, including the allocation of the Net Settlement Amount among the Settlement Class Members, are fair, adequate, and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions, rather than the result of a finding of liability at trial, also supports the Court's decision granting final approval.

7. The Court appoints counsel for the Plaintiff as representatives of, and as counsel ("Class Counsel") for, the Settlement Class Members for the purpose of entering into and implementing the Agreement.

8. The Court directs the Settlement Administrator to distribute the payments from the Gross Settlement Amount pursuant to the terms of the Agreement.

9. As of the Effective Date, the Settlement Class Members who did not opt out of the Agreement are bound by the release of claims set forth in paragraph 4 of the Agreement, and the Plaintiff is bound by the general release of claims set forth in paragraph 2 of the Individual Release Agreement he executed.

10. The fees, expenses, and any other costs of CPT Group in administering the Agreement, up to $31,000, are fair and reasonable. Payment of that amount shall be paid out of the Gross Settlement Amount in accordance with the Agreement, which shall fully, finally and completely compensate CPT Group for all fees, expenses and any other costs in administering the Settlement.

11. Based upon application by Plaintiff's Counsel and Plaintiff, the Court approves the payment of an incentive service award in the amount of $10,000 to Plaintiff Michael Grant.

12. Based upon application by Class Counsel the Court approves the payment of attorneys' fees to Class Counsel in the amount of in the amount of 40% of the gross Settlement Amount, and litigation expenses to Class Counsel in the amount of $15,455, to be paid in the manner set forth in the Settlement.

13. The Agreement and this final approval Order shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings to the extent any such lawsuits or other proceedings include any claims of the Plaintiff or any claims of the Settlement Class Members that are subject to the releases set forth in the Agreement, whether those lawsuits or proceedings are maintained by or on behalf of Plaintiff or the Settlement Class Members, or to the extent the claims would otherwise be barred by principles of *res judicata*. The Agreement and this

Order shall be binding on the Plaintiffs, the Settlement Class Members who did not opt-out, and each of their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

14. The Plaintiff and the Settlement Class Members who did not opt-out are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims they released in the Agreement.

15. The Agreement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any party of liability or non-liability; the certifiability or non-certifiability of the class and collective claims resolved by the Agreement; provided, however, that reference may be made to this Agreement in such proceedings as may be necessary to effectuate the provisions of this Agreement.

16. This Order shall be entered forthwith, dismissing this lawsuit with prejudice.

17. Without affecting the finality of this Order, the Court retains continuing jurisdiction over the Plaintiff, Defendants, and the Settlement Class Members as to all matters concerning the administration, consummation, and enforcement of the Parties' Settlement Agreement and this Order.

**SIGNED** at Houston, Texas, on this the 28th of June, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT COURT